UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LARRY CALDWELL,

        Plaintiff,

   v.

ROSEVILLE JOINT UNIFIED SCHOOL DISTRICT; JAMES JOINER; R. JAN PINNEY; TONY MONETTI; STEVEN LAWRENCE; DONALD GENASCI; and RONALD SEVERSON,

        Defendants.

NO. CIV. S-05-0061 FCD JFM

MEMORANDUM AND ORDER

----oo0oo----

On January 11, 2005, plaintiff, Larry Caldwell ("plaintiff") filed a complaint with this court against defendants Roseville Joint Unified School District, James Joiner, R. Jan Pinney, Tony Monetti, Steven Lawrence, and Ronald Severson (collectively "defendants"). On January 18, 2005, plaintiff filed an Amended Complaint, and on March 10, 2005, plaintiff filed the operative Second Amended Complaint. Defendants now move to dismiss the complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or, alternatively, to dismiss for failure to comply with Federal Rule of Civil Procedure 8(a).

1

1    Because the court concludes that the complaint is so
2 cluttered with minutiae as to defy clear understanding, the court
3 does not reach the merits of defendants' motion.  The complaint
4 is 112 pages long.  It reads more like a personal journal, rife
5 with extraneous details, repetitive accusations, and plaintiff's
6 impressions about events, than a proper complaint.  Defendants
7 complain, justifiably, that they cannot discern from the
8 complaint as written, the precise nature of plaintiff's claims
9 and thus cannot prepare a responsive pleading.  By way of
10 example, defendants point to the "endless repetitive allegations,
11 and the cross-mixing of the Cal Education Code § 60002, § 60010,
12 § 60045, § 60400, and § 35145.5, and the California Brown Act
13 (Cal Government Code § 54950, et seq.) relating to 'open public
14 meetings' into his allegations, while attempting to state claims
15 for relief under 42 U.S.C. § 1983 for violation of United States
16 Constitutional Rights."  (Defs.' Mem. Supp. Dismiss at 9.)
17    The court agrees with defendants that the complaint, as
18 currently drafted, is so muddled with extraneous and repetitive
19 allegations that neither the defendant nor the court can
20 ascertain the precise nature and scope of plaintiff's claims.
21 The only question then, is the appropriate remedy.  Defendants
22 request dismissal under Rule 8(a).
23    Federal Rule of Civil Procedure 8(a) provides in relevant
24 part that, "[a] pleading which sets forth a claim for relief . .
25 . shall contain . . . a short and plain statement of the claim
26 showing that the pleader is entitled to relief . . .."    Fed. R.
27 Civ. P. 8(a).  The Seventh Circuit recently elaborated on the
28 meaning of Rule 8(a)'s short and plain statement requirement:

> Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.

U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). While courts have granted dismissal of overly verbose and confusing complaints, the court concludes that dismissal in such cases creates tension with Rule 12(b)(6) which directs that a claim should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45 (1957); NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

Fortunately, the Federal Rules of Civil Procedure provide another mechanism to remedy the defects in plaintiff's complaint.

Federal Rule of Civil Procedure 12(e) provides:[1]

> Motion for More Definite Statement. If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e). Rule 12(e) is often employed where the pleadings are insufficient; however it is also appropriate where

---

[1] While defendants did not move for relief under Rule 12(e) courts can order a more definite statement sua sponte. See Moore's Federal Practice ¶ 12.36(1) (3d Ed. 2004) and cases cited therein.

"a complaint approaches the other extreme of being overly prolix or complex." 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.36(1) (3d Ed. 2004).[2]  In such cases, the motion for more definite statement can assist the court in 'the cumbersome task of sifting through myriad claims, many of which may be foreclosed by various defenses." Id. (quoting Anderson v. Board of trustees, 77 F.3d 364, 367 (11th Cir. 1996.)   While, Rule 12(e) is disfavored, plaintiff's complaint is precisely the type of pleading to which it is properly applied.

## CONCLUSION

For the foregoing reasons the court makes the following orders:

(1)  Plaintiff shall file an amended complaint within thirty (30) days of the date of this order, which complies with Rule 8(a).  Plaintiff shall omit from the amended complaint irrelevant details and unnecessary evidentiary allegations.

(2)  Defendants pending motion to dismiss is VACATED as MOOT.  Defendants may renew the motion to dismiss after plaintiff amends his pleading.

IT IS SO ORDERED.

DATED: June 30, 2005

/s/ Frank C. Damrell Jr.
FRANK C. DAMRELL JR.
United States District Judge

---

[2] Defendants seek dismissal pursuant to Rule 8(a).  While courts have dismissed overly detailed complaints under Rule 8(a), the court concludes that the appropriate course is not dismissal but a more definite statement.

4