UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LARRY CALDWELL,

        Plaintiff,

   v.

ROSEVILLE JOINT UNION HIGH SCHOOL DISTRICT; JAMES JOINER; R. JAN PINNEY; TONY MONETTI; STEVEN LAWRENCE; DONALD GENASCI; RONALD SEVERSON,

        Defendants.
_____/

NO. CIV. S-05-0061 FCD JFM

MEMORANDUM AND ORDER

----oo0oo----

The court is in receipt of plaintiff's motion to strike defendants' statement of undisputed facts along with an ex parte motion to expedite hearing on the motion.  The court has reviewed plaintiff's motion to strike defendants' statement of undisputed facts as well as the underlying motions for summary judgment filed by defendants.  Defendants's submissions fail to comply with Rule 56 and Local Rule 56-260.  Specifically, defendants

have filed two separate motions for summary adjudication noticed for the same date. In total, these two motions compromise a motion for summary judgment and as such, should have been filed as one motion. To the extent that defendants filed two motions to comply with the court's page limits, defendants should have requested a page limit extension. The court strikes defendants' filings in relation to the motions for summary judgment and directs defendants to refile and reserve one motion for summary judgment. Based upon a review of the filings and because a Pretrial Scheduling Order has not issued in this case, the court grants defendants a ten page extension from its normal limit of twenty pages for their memorandum of points and authorities.

   The court has also reviewed defendants' statements of undisputed facts filed in conjunction with their motions for summary adjudication. While already stricken, the court nonetheless finds plaintiff's motion to strike meritorious. Said statements do not comply with Local Rule 56-260. As an initial matter, defendants' statements are rife with legal conclusions. The Statement of Undisputed Facts shall "enumerate each of the material *facts*" in support of the motion. Local Rule 56-260(a). Further, defendants' statements refer generally to the supporting evidence. However, the Local Rules require that defendants "cite the *particular* portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish [a] fact." Defendants must cite to specific paragraphs or pages within exhibits that support a particular fact.
/////
/////

2

1   Defendants shall file and re-serve their motion by August 9,
2 2006.  The motion shall remain on the court's September 15, 2006
3 calendar.
4   IT IS SO ORDERED.
5 DATED: July 26, 2006

                                          /s/ Frank C. Damrell Jr.
                                          FRANK C. DAMRELL, Jr.
                                          UNITED STATES DISTRICT JUDGE

3