1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LARRY CALDWELL, | NO. CIV. S-05-0061 FCD JFM |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| ROSEVILLE JOINT UNION HIGH SCHOOL DISTRICT; JAMES JOINER and R. JAN PINNEY, in their official capacities as members of the Board of Education; TONY MONETTI in his official capacity as Assistant Superintendent for Curriculum and Instruction, DONALD GENASCI in his official capacity Deputy Superintendent for Personnel and Chief Compliance Officer; RONALD SEVERSON in his official capacity Principal of Granite Bay High School; and Does 1 through 10. | |
| Defendants. | |

----oo0oo----

This matter is before the court on plaintiff's ex parte application for a continuance of the court's ruling on the parties' cross-motions for summary judgment to permit plaintiff to conduct limited discovery pursuant to Federal Rule of Civil Procedure 56.[1]  On September 22, 2006, the court entered a Pretrial Scheduling Order ("PSO") in this matter.  The PSO reflected the agreements made in the parties' delayed Joint Status Report, filed September 20, 2006.  Specifically, the PSO provides that formal discovery is deferred until after the court has ruled on the parties' respective Rule 56 motions.  On November 1, 2006, the parties filed cross-motions for summary judgement.  On December 1, 2006, the court heard oral argument on the matter.  On December 4, 2006, as a result of comments made by the court at the hearing, plaintiff filed an ex parte application to file supplemental briefing and for the court to defer ruling on the cross-motions for summary judgment until the plaintiff has conducted limited discovery.  However, plaintiff did not file the requisite affidavit provided for in Rule 56(f).  Therefore, the court ordered plaintiff to resubmit his ex parte application with the requisite supporting documents and granted defendants time to oppose plaintiff's application.  Defendants oppose plaintiff's application.

When a party opposing a motion for summary judgment cannot present "facts essential to justify his opposition" to the motion, Rule 56(f) permits the party to submit an affidavit setting forth the reasons and requesting that the court continue

---

[1] All further references to a "Rule" are to the Federal Rules of Civil Procedure.

2

or deny the motion to permit the opposing party to discover those essential facts. <u>Garrett v. City and County of San Francisco</u>, 818 F.2d 1515, 1518 (9th Cir. 1987) (quoting <u>Hancock v. Montgomery Ward Long Term Disability Trust</u>, 787 F.2d 1302, 1306 (9th Cir. 1986)). The burden is on the party seeking the continuance to demonstrate that the information sought exists, and that it would raise an issue of material fact foreclosing summary judgment. <u>Nidds v. Schindler Elevator Corp.</u>, 113 F.3d 912, 921 (9th Cir. 1997) (citations omitted); <u>Continental Maritime of San Francisco, Inc. v. Pacific Coast Metal Trades Dist. Council</u>, 817 F.2d 1391, 1395 (9th Cir. 1987). However, "where. . . no discovery whatsoever has taken place, the party making a Rule 56(f) motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." <u>Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes</u>, 323 F.3d 767, 774 (9th Cir. 2003).

    The court should deny or defer summary judgment where the opposing party demonstrates that it has not had sufficient time to discover facts essential to justify the party's opposition. Rule 56(f) motions "'should be granted almost as a matter of course' unless 'the nonmoving party has not diligently pursued discovery of the evidence.'" <u>Wichita Falls Office Assoc. v. Banc One Corp.</u>, 978 F.2d 915, 919 n.4 (5th Cir. 1992) (quoting <u>International Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1267 (5th Cir. 1991)); <u>Burlington</u>, 323 F.3d at 773; <u>see also</u> <u>Qualls v. Blue Cross of California</u>, 22 F.3d 839, 844 (9th Cir. 1994).

The Ninth Circuit has found that both "implication and logic require that a Rule 56(f) motion be made prior to the summary judgment hearing." Ashton-Tate Corp. v. Ross, 916 F.2d 516, 520 (9th Cir. 1990). "[T]he process of evaluating a summary judgment motion would be flouted if requests for more time, discovery, or the introduction of supplemental affidavits had to be considered even if requested well after the deadline set for the introduction of all information needed to make the ruling has passed." Id. (citing Pfeil v. Rogers, 757 F.2d 850, 858 (7th Cir. 1985).

According to the Ninth Circuit's holding in Ross, plaintiff's Rule 56(f) application is untimely. However, the facts of this case pose a different circumstance than that in Ross, namely because the parties agreed and the court ordered formal discovery deferred until after the court ruled on the parties' Rule 56 motions. As such, plaintiff has had no opportunity to conduct formal discovery in this case. Therefore, the court will not bar plaintiff's application as untimely.[2]

Plaintiff has met the requirements of Rule 56(f) by submitting a declaration outlining three facts for which he would requests to conduct discovery. (See Decl. of Larry Caldwell, filed Dec. 7, 2006). These facts relate to whether plaintiff complied with the notice requirement to place items on the agenda

---

[2] However, the court admonishes plaintiff for his failure to bring this motion prior to the hearing on cross-motions for summary judgment. By his delay, plaintiff has not only squandered both his and defendants' time and resources through the parties' preparation and submission of lengthy briefs and exhibits, but also wasted judicial resources and created a circumstance that leads to vastly inefficient case management.

4

of school board meetings and whether defendants made admissions regarding the exclusion of plaintiff's policies in various fora based on viewpoint. These facts are highly relevant to plaintiffs' claims. Further, the court is hesitant to rule on dispositive motions in a case bearing on such fundamental rights guaranteed by the First and Fourteenth Amendments without allowing plaintiff at least the limited discovery he seeks through this motion.

Therefore, plaintiff's ex parte application under Rule 56(f) is GRANTED. The parties have ninety (90) days from the date of this order to conduct discovery. The parties shall submit any supplemental briefing, not to exceed fifteen (15) pages, by April 13, 2007. The parties shall submit supplemental reply briefs, not to exceed five (5) pages, by April 20, 2007. The court will hold further hearing on this matter on April 27, 2007 at 10:00 a.m. All current dates as set in the PSO are hereby VACATED. The court shall reset the dates as needed after it issues its ruling on the parties' cross-motions for summary judgment.

IT IS SO ORDERED.

DATED: December 18, 2006

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE